IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM R. ReVOAL, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       Case No. 14-4076-CM |
| | ) |
| SAM BROWNBACK, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**
and
**REPORT AND RECOMMENDATION**

**I.     Motion to Proceed In Forma Pauperis (Doc. 3)**

On August 12, 2014, plaintiff filed a Motion to Proceed without Prepayment of Fees (Doc. 3).   The court has reviewed plaintiff's affidavit of financial status and finds that he has established his financial inability to pay the costs of the filing fee.[1]

**IT IS THEREFORE ORDERED** that the motion (**Doc. 3**) is **GRANTED**.

**II.     Report and Recommendation**

However, the authority to proceed without payment of fees is not without limitation.   Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of a proceeding in forma pauperis is required if the court determines that the action is frivolous, malicious, fails to

---

[1] 28 U.S.C. § 1915(a)(1).

state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. After application of this standard, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. §§ 636(b)(1)(B).

## Background[2]

Plaintiff alleges that he has been the victim of race discrimination and that defendants knowingly and blatantly violated his "human health" and civil rights as prohibited by the 14th Amendment of the U.S. Constitution.  The named defendants include Kansas Governor Sam Brownback; the Union Rescue Mission, a homeless shelter in Wichita, Kansas;[3] and The Open Door, a homeless resource center in Wichita, Kansas.[4] Plaintiff states that he is homeless and believes that, because of his African-American race and his homeless status, defendants have discriminated against him in a myriad of ways.

Plaintiff claims that the government has held him hostage as a slave and that the Federal Bureau of Investigation ("FBI"), an unnamed Sheriff, and the Central Intelligence Agency ("CIA") caused him to suffer a separated shoulder.  He further asserts that foreign objects, such as insects and bodily fluids, have been detected in the food served to

---

[2] These facts are taken from the Complaint (Doc. 1) filed by plaintiff.
[3] *See* http://urmwichita.org/.
[4] *See* http://umopendoor.org/shelter/homeless-resource-center/.

clients[5] and claims that the "same conditions" exist at the local food stamp office.

He further complains that his application for assistance through the Kansas Food Assistance Program was delayed in the U.S. mail between Topeka and Wichita, Kansas and that he was not approved to receive food assistance from July 31 through August 7, 2014. He alleges that the government somehow altered his criminal history, that his Kansas driver's license was suspended, and that the Department of Motor Vehicles refuses to re-issue the license. Plaintiff contends that all of these incidents are somehow connected to his alleged illegal incarceration in 2007.[6] Plaintiff claims that he is trying to expose these events and seeks monetary recovery of $5 million dollars, citing the "federal code for operating a business and applying government authorities."

## Analysis

As outlined above, under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim on which relief may be granted.[7] The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss

---

[5] Plaintiff apparently refers to clients of the Union Rescue Mission and The Open Door, although this is not clear in his Complaint.

[6] A review of the court's docket reveals that plaintiff filed a prisoner action in 2009 claiming various civil rights violations which occurred while he was in the custody of the Sedgwick County Detention Facility. That case was ultimately dismissed for plaintiff's failure to submit the partial filing fee. *ReVoal v. Sedgwick County Detention Center*, No. 09-3152-SAC, Doc. 20 (D. Kan. Apr. 27, 2010).

[7] 28 U.S.C. 1915(e)(2)(B)(i)-(iii).

under Fed. R. Civ. P. 12(b)(6).[8]   Because plaintiff proceeds pro se, his pleadings must be liberally construed.[9]   However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[10] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." [11]   Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[12]

Here, plaintiff sets forth a litany of complaints but offers insufficient facts to support his legal claims.   Plaintiff supplies no facts which support any cognizable claim against either the Union Rescue Mission or The Open Door aside from the conclusory allegation of foreign objects in the food.   That accusation provides no basis for a federal cause of action and bears no apparent relationship to his claim of racial discrimination.

Plaintiff's claims against Governor Brownback appear to arise from what plaintiff believes was an untimely award of food assistance benefits, both in terms of the scope of the award and the agency's mailing of his notice.   Plaintiff asserts that he applied for benefits on July 31, 2014 and attached a copy of his "Notice History" from the Kansas Food Assistance Program to his complaint.[13]   The notice reflects that he was actually

---

[8] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005)).

[12] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] Pl.'s Compl., Doc. 1, at 9-10.

granted benefits beginning in August 2014.   Plaintiff furnishes no facts which support his claims of improper denial or ineffective notice, and supplies no facts which show a rational relationship between those alleged deficiencies and plaintiff's race.   If plaintiff's intent is to appeal any scope of his state award, the federal court is not the proper forum in which to raise those concerns.

In addition, plaintiff appears to have named Sam Brownback solely in his official capacity as the Governor of the State of Kansas.   Therefore, to the extent that plaintiff's claims arise from official acts taken by Governor Brownback in his capacity as governor, plaintiff's claims are barred by Eleventh Amendment immunity.[14]   Plaintiff seeks monetary damages against an immune defendant and his claims against Governor Brownback should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's remaining claims do not, on their face, state a valid claim for relief. Plaintiff alleges that his criminal history has somehow been altered illegally and submits a health department screening form reflecting a tuberculosis test which plaintiff asserts that he never took.   Neither allegation contains facts which support a claim of race discrimination or other federal cause of action.   Plaintiff also alleges that he has suffered seven years of mental anguish and personal injury, but he makes those claims against the FBI, an unknown Sheriff and unknown CIA informants, as well as his former wife and

---

[14] *See McCormick v. Roberts*, No. 11-3130-MLB, 2012 WL 1448274, at *1 (D. Kan. Apr. 26, 2012) (discussing immunity of state officers in their official capacities) (citing *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Opala v. Watt,* 454 F.3d 1154, 1157 (10th Cir.2006)

her family.   None of these individuals are named as defendants and the complaint includes no facts which support a claim of intentional infliction of emotional distress;[15] nor could such a pendant state law tort claim survive in the absence of a viable federal claim.

Plaintiff's claims of race discrimination and civil rights violations are entirely conclusory.   It is clear from the face of the complaint that the plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[16] nor presents a rational argument on the facts or law in support of his claim.[17]   It is therefore recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation shall be sent to plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this recommendation and report.   Failure to make a timely objection waives appellate

---

[15] *See Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1273-75 (D. Kan. 2003) *aff'd*, 145 F. App'x 238 (10th Cir. 2005) (citing *Moore v. State Bank of Burden,* 240 Kan. 382, 388, 729 P.2d 1205 (1986)) (outlining the elements necessary to prove intentional infliction of emotional distress under Kansas law).

[16] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*,

review of both factual and legal issues.[18]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of September, 2014.

         s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

628 F. 2d 1280, 1281 (10th Cir. 1980)).
[18] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).